IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| STEPHANIE WATSON, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 1:16-cv-00013 |
| v. | ) ) |
| | ) Judge Sharp |
| HOME DEPOT U.S.A., INC. AND LISA ADAMS, | ) Magistrate Judge Holmes ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants, Home Depot, U.S.A., Inc. ("Home Depot") and Lisa Adams ("Adams") (collectively, "Defendants"), move to dismiss Plaintiff's Complaint, or in the alternative seek summary judgment, because Plaintiff failed to disclose her claims against them in her personal bankruptcy petitions filed in 2013 and 2015. It is well settled that Plaintiff's failure to disclose her employment claims in her bankruptcy filings, and misleading the bankruptcy court in her filings, bars her from maintaining this action under the doctrine of judicial estoppel. This Court therefore must dismiss this action pending before it.[1]

## I. BACKGROUND

### A. Plaintiff's Employment with Home Depot and Subsequent Claims

Plaintiff, Stephanie Watson, is a former Store Manager of Home Depot retail store no. 0775, located in Spring Hill, Tennessee. Dkt. No. 1, Compl., ¶¶ 12, 14. Defendant Home Depot was her employer, and Defendant Adams is the area's District Manager and was Plaintiff's

---

[1] At the outset of this case, Defendants filed a motion to dismiss Plaintiff's Complaint without prejudice based on its failure to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, and that motion is pending. Dkt. Nos. 8, 9. Defendants just became aware of Plaintiff's bankruptcy filings, and since Plaintiff's failure to identify this claim in her bankruptcy filings is dispositive it wishes to get the issue before the Court as soon as possible.

1

former supervisor. *Id.*, ¶¶ 12, 13. Plaintiff worked for Home Depot for less than one year; she was hired on February 21, 2014, and her employment was terminated on January 21, 2015. *Id.*, ¶ 14.

Plaintiff claims that she was subjected to discrimination on the basis of her race, color, and sex, throughout her employment with Home Depot and even prior to her employment beginning. According to the Complaint, Plaintiff applied and interviewed for a store manager position with Home Depot in the fall of 2013, but she was asked to consider an assistant store manager position because it would be "a better fit" for her "because of the Depot culture." *Id.*, ¶¶ 15, 17, 18. In January 2014, Plaintiff again applied and interviewed for what she thought was the store manager position at Home Depot's Franklin, Tennessee store. *Id.*, ¶ 19. Plaintiff asserts her belief that "[b]efore the interview took place, [District Manager Lisa] Adams had decided she did not want [Plaintiff] as store manager because she is an African American female." *Id.*, ¶ 20. Plaintiff also claims because she is an African American female, Home Depot offered her a store manager position at Store #775 in Spring Hill, Tennessee, rather than Home Depot's Franklin store, which Plaintiff claims was "a larger store, with a higher profile, and better opportunity for advancement." *Id.*, ¶ 20.

Plaintiff's employment with Home Depot began on February 21, 2014, and Plaintiff's Complaint alleges that "throughout her employment, [Plaintiff] was treated less favorably than other similarly situated store managers who were not African American dark skinned females." *Id.*, ¶¶ 14, 23. According to the Complaint, Home Depot terminated Plaintiff on January 21, 2015. *Id.*, ¶ 56. Plaintiff alleges that she was terminated because she is "an African American dark skinned female." *Id.* The numerous and fervent allegations in Plaintiff Complaint's demonstrate Plaintiff's belief that she was subjected to discrimination and/or retaliation in the

fall of 2013, throughout 2014, and in January 2015 (and thus possessed knowledge of her potential claims against Home Depot throughout that time period).

On March 4, 2015, Plaintiff filed a Charge of Discrimination (the "Charge") with the United States Equal Employment Opportunity Commission ("EEOC") and the Tennessee Human Rights Commission, a copy of which was attached to Plaintiff's Complaint at Exhibit A. *See* Dkt. No. 1-1, Charge, Ex. A to Compl.; Dkt. No. 1, Compl., ¶¶ 6, 7. Plaintiff's Charge alleged she was a victim of race, color, and sex discrimination and retaliation during her employment with Home Depot. Dkt. No. 1-1, Charge, Ex. A to Compl.; Dkt. No. 1, Compl., ¶ 7. On or about December 4, 2015, the EEOC issued Plaintiff a Right to Sue letter, a copy of which was attached to Plaintiff's Complaint as Exhibit B. *See* Dkt No. 1-2, Notice of Right to Sue, Ex. B to Compl.; Dkt No. 1, Compl., ¶ 8.

On February 29, 2016, Plaintiff initiated this proceeding by filing a four-count Complaint alleging race, color, and sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, 42 U.S.C. § 1981. Dkt. No. 1, Compl., ¶¶ 4, 68-79.

### B. Plaintiff's Bankruptcies

Plaintiff has twice sought the protection of the United States Bankruptcy Courts by filing voluntary petitions, and she failed to disclose her claims against Home Depot or Adams in either petition.

#### 1. The 2013 Bankruptcy

On September 9, 2013, Plaintiff filed her first Voluntary Petition under Chapter 13 of the Bankruptcy Code. *See* Dkt. No. 1, Case No. 13-12381, U.S. Bankruptcy Court, W.D. Tenn.,

3

Case 1:16-cv-00013   Document 20   Filed 05/26/16   Page 3 of 17 PageID #: 133

attached hereto as Exhibit 1.[2]  She did so in the United States Bankruptcy Court for the Western District of Tennessee.  *Id.*  Plaintiff submitted a Chapter 13 Plan in conjunction with her petition, which was confirmed by the Bankruptcy Court on November 14, 2013.  *See* Dkt. Nos. 2, 19, Case No. 13-12381, U.S. Bankruptcy Court, W.D. Tenn., attached hereto as Exhibits 4 and 5.  Although Plaintiff amended and revised her Chapter 13 Plan numerous times during the bankruptcy proceeding, she never amended her Voluntary Petition to schedule the claims against Home Depot or Adams as assets.  *See generally* Docket Report, Case No. 13-12381, U.S. Bankruptcy Court, W.D. Tenn., attached hereto as Exhibit 6.

On June 25, 2015, the Bankruptcy Court entered an Order of Dismissal, finding that Plaintiff failed to perform as required under the Chapter 13 Plan.  *See* Dkt. No. 72, Case No. 13-12381, U.S. Bankruptcy Court, W.D. Tenn., attached hereto as Exhibit 7.  The Court directed the Chapter 13 Trustee to file a final accounting and disburse any funds on hand to Plaintiff's creditors.  *Id.*  On September 24, 2015, the Chapter 13 Trustee filed a Final Report and Account reporting Watson's assets, receipts, administration expenses, scheduled creditors, and payments to those creditors.  *See* Dkt. No. 75, Case No. 13-12381, U.S. Bankruptcy Court, W.D. Tenn., attached hereto as Exhibit 8.  The Chapter 13 Trustee declared that Watson's bankruptcy estate had been fully administered.  *Id.*  On September 27, 2015, over six months after Plaintiff filed her charge with the EEOC, the Bankruptcy Court entered an order approving the Trustee's Final Report and Account, discharging the Trustee, and closing Plaintiff's bankruptcy case.  *See* Dkt. No. 77, Case No. 13-12381, U.S. Bankruptcy Court, W.D. Tenn., attached hereto as Exhibit 9.

---

[2]  The Stephanie Watson who filed the September 9, 2013 Chapter 13 Voluntary Petition and the Stephanie Watson who filed this ligation related to her employment with Home Depot are undoubtedly the same person.  On April 21, 2014 – two months after Plaintiff was hired by Home Depot – the Bankruptcy Court entered an Income Deduction Order directing Home Depot to withhold $305.00 from Plaintiff's income and forward it to the Chapter 13 Trustee.  *See* Dkt. No. 49, Case No. 13-12381, U.S. Bankruptcy Court, W.D. Tenn., attached hereto as Exhibit 2.  On February 5, 2015 (approximately two weeks after Home Depot terminated Plaintiff's employment), the Bankruptcy Court entered another order relieving Home Depot of its obligation to deduct from Plaintiff's wages.  *See* Dkt. No. 57, Case No. 13-12381, U.S. Bankruptcy Court, W.D. Tenn., attached hereto as Exhibit 3.

4

At no time was the Bankruptcy Court apprised that Watson believed she had causes of action against Home Depot or Adams arising from her employment and termination or that she had filed a charge of discrimination with the EEOC.

### 2. The 2015 Bankruptcy

On July 6, 2015, four months after she filed her Charge with the EEOC and while that charge was pending, Plaintiff filed a second Voluntary Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Tennessee. *See* Dkt. No. 1, Case No. 15-11477, U.S. Bankruptcy Court, W.D. Tenn., attached hereto as Exhibit 10.[3] Despite her steadfast belief that she possessed actionable discrimination and retaliation claims against Home Depot and Adams as demonstrated by her pending EEOC charge, Plaintiff once again failed to disclose those claims in her Bankruptcy Petition.

In her Petition, Plaintiff was required to disclose various types of assets that she possessed. S*ee* Dkt. No. 1, Case No. 15-11477, at 8-12. Amongst other assets, Plaintiff was asked to disclose her possession of "[o]ther contingent and unliquidated claims of every nature" and to "[g]ive estimated value of each." *Id.* at 10. This disclosure was requested on Question No. 21 of "Schedule B," which is the schedule in which bankruptcy petitioners disclose their personal property. *Id.* In response to this question, Plaintiff stated "none" and thus represented to the Bankruptcy Court (again, under penalty of perjury) that she had no such claims. *Id.*

Additionally, Plaintiff's Bankruptcy Petition contained a section titled "Statement of Financial Affairs." *Id.* at 28-35. Question 4 in that section requires the following information:

---

[3] As with the 2013 Petition, the Stephanie Watson that filed this lawsuit is the same Stephanie Watson who filed for the Chapter 13 Voluntary Petition on July 6, 2015. The 2015 Petition lists case number 13-12381 as a prior bankruptcy case filed by the debtor. *See* Dkt. No. 1, at p. 2, Case No. 15-11477, U.S. Bankruptcy Court, W.D. Tenn. The debtor's address on file with the Bankruptcy Court in the 2015 bankruptcy proceeding – 1000 Walden Creek Trace, Apt. 36-1B, Spring Hill, TN 37174 – is also the same addressed listed on the EEOC Charge filed by Plaintiff. *Compare* Dkt. No. 17, Case No. 15-11477, U.S. Bankruptcy Court, W.D. Tenn., attached hereto as Exhibit 11, *with* Dkt. No. 1-1, Charge of Discrimination, Exhibit A to Compl.

5

> **4. Suits and administrative proceedings, executions, garnishments and attachments**
>
> a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case.

*Id.* at 29. Plaintiff checked the box "None" as to Question 4 – even though she had filed an EEOC Charge against Home Depot on March 4, 2015 (within the one year preceding the filing of her Bankruptcy Petition). *Id.* Plaintiff signed her Bankruptcy Petition, declaring under penalty of perjury that she had read the answers contained in her Statement of Financial Affairs and affirmed that they were true and correct. *Id.* at 35. Just below her signature on the Bankruptcy Petition, Plaintiff was advised that the penalty for making a false statement was a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571. *Id.* She also signed her Bankruptcy Petition under oath on two other pages. *Id.* at 3, 5.

In conjunction with her July 6, 2015, Bankruptcy Petition, Plaintiff filed a Chapter 13 Plan. *See* Dkt. No. 2, Case No. 15-11477, U.S. Bankruptcy Court, W.D. Tenn., attached hereto as Exhibit 12. On July 7, 2015, a notice was sent to Plaintiff's creditors, informing them that the "meeting of creditors" had been scheduled for August 4, 2015. *See* Dkt. No. 8, Case No. 15-11477, U.S. Bankruptcy Court, W.D. Tenn., attached hereto as Exhibit 13. The notice also advised Plaintiff's creditors that the deadline for filing of proof of claim was November 2, 2015 for creditors other than governmental units and January 4, 2016 for governmental units. *Id.* The meeting of creditors was rescheduled and held on or about August 19, 2015. *See* Dkt. No. 21, Case No. 15-11477, U.S. Bankruptcy Court, W.D. Tenn., attached hereto as Exhibit 14. On September 9, 2015, U.S. Bankruptcy Judge Jimmy L. Croom entered an order confirming Plaintiff's Chapter 13 Plan and setting a monthly payment plan. *See* Dkt. No. 27, Case No. 15-11477, U.S. Bankruptcy Court, W.D. Tenn., attached hereto as Exhibit 15. The deadline for non-

6

Case 1:16-cv-00013   Document 20   Filed 05/26/16   Page 6 of 17 PageID #: 136

governmental creditors passed on November 2, 2015, and on November 14, 2015, Judge Croom entered an administrative order allowing certain claims of creditors who had filed a proof of claim. *See* Dkt. No. 43, Case No. 15-11477, U.S. Bankruptcy Court, W.D. Tenn., attached hereto as Exhibit 16. Plaintiff's 2015 bankruptcy remains pending, yet at no point has Plaintiff amended her petition to include the claims against Home Depot and Adams. *See generally* Docket Sheet, Case No. 15-11477, U.S. Bankruptcy Court, W.D. Tenn., attached hereto as Exhibit 17. Nor has Plaintiff taken other active steps to apprise the Bankruptcy Court that this litigation is pending. *See id.*

## II. ARGUMENT

### A. Standard of Review

Home Depot and Adams move to dismiss Plaintiff's Complaint on judicial estoppel grounds pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of their motion, Defendants rely on the pleadings in this case and on Plaintiff's filings from her two bankruptcy proceedings. The Court may take judicial notice of these materials and consider them without converting Home Depot's motion into one for summary judgment pursuant to Rule 56. *See Bohanan v. Bridgestone/Firestone N. Am. Tire, LLC*, No. 3:06CV122, 2007 WL 1091209, at *2 (M.D. Tenn. Apr. 10, 2007) ("Because the filings and the orders entered in the bankruptcy action are public records, the Court may consider them without converting Defendants' motion into one for summary judgment under Rule 56."), *aff'd*, 260 F. App'x 905 (6th Cir. 2008); *Hamlin v. Baptist Mem'l Hosp.*, No. 2:09-CV-02615-STA, 2011 WL 902351, at *2 (W.D. Tenn. Jan. 27, 2011) (citing *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003); *Plassman v. City of Wauseon*, No. 95–3736, 1996 WL 254662 (6th Cir. 1996)).

Home Depot is aware that some courts have found it appropriate to review materials outside the pleadings converting a defendant's motion to dismiss on estoppel grounds into a motion for summary judgment. *See White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475–76 (6th Cir. 2010) (affirming district court's order converting Rule 12(b)(6) motion to dismiss into a motion for summary judgment and granting summary judgment on grounds of judicial estoppel). Whether viewed under Rule 12(b)(6) or Rule 56, the record plainly demonstrates that Plaintiff's claims should be dismissed on judicial estoppel grounds. *See Curry v. Brother Int'l, L.P.*, No. 11-2912, 2013 WL 3874702, at *10 (W.D. Tenn. July 25, 2013) ("Brother correctly notes in its motion that the court may dismiss an action on the basis of judicial estoppel under either Rule 12(b)(6) or Rule 56.").

### B. Plaintiff's Claims Are Barred by Judicial Estoppel.

Plaintiff unequivocally knew of her potential claims against Home Depot while her first bankruptcy was pending, yet she took no steps to amend her Chapter 13 Bankruptcy Petition to apprise the Bankruptcy Court, Trustee, or her creditors that she had filed an EEOC Charge alleging employment discrimination and retaliation against Home Depot.

Compounding her misrepresentations to the Bankruptcy Court, Plaintiff filed a second Chapter 13 Bankruptcy while her EEOC Charge was pending and she again failed to disclose the employment claims that she has asserted against Home Depot and Adams. Even after receiving a Notice of Right to Sue from the EEOC and commencing this litigation on February 29, 2016, Plaintiff failed to amend her Bankruptcy Petition to apprise the Bankruptcy Court, Trustee, or her creditors of her claims. This is precisely the type of scenario in which the courts have applied judicial estoppel.

1. **Courts Have Applied Judicial Estoppel to Bar an Employment Plaintiff's Claims When He or She Failed to Disclose Those Claims in a Bankruptcy Petition.**

The Bankruptcy Code requires a debtor to file a "schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1). "It is well-settled that a cause of action is an asset that must be scheduled under § 521(1). Moreover, a duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005) (internal citations and alternations omitted); *see also Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002) ("The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change."); *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999) ("The duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action.").

"The doctrine of judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (6th Cir. 2010) (quotation omitted). The purpose of the doctrine is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-750 (2001) (citations omitted). It is designed to "preserve 'the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship.'" *Id.*

The Sixth Circuit has utilized judicial estoppel to emphasize the need for full and complete disclosure in one's bankruptcy petition. The "bankruptcy system depends on accurate and timely disclosures." *White*, 617 F.3d at 480. "The disclosure obligation of consumer

9

debtors is at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." *Id.* at 480, n.7 (emphasis added). A petitioner's failure to disclose a potential employment claim "essentially state[s] that the [employment] claim d[oes] not exist." *Id.* at 479. Absent strong disincentives against omitting information from one's filings, the bankruptcy system simply would not work. The case of *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002) articulates why a bankruptcy petitioner's failure to disclose a pending EEOC Charge is a very serious omission:

> Full and honest disclosure in a bankruptcy case is "crucial to the effective functioning of the federal bankruptcy system." For example, creditors rely on a debtor's disclosure statements in determining whether to contest or consent to a no asset discharge. Bankruptcy courts also rely on the accuracy of the disclosure statements when considering whether to approve a no asset discharge. Accordingly, "the importance of full and honest disclosure cannot be overstated."

*Id.* at 1286 (citations omitted).

In the bankruptcy context, judicial estoppel applies where the Court finds that: (1) the Plaintiff assumed a position that was contrary to the one that she asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) the omission did not result from mistake or inadvertence. *White*, 617 F.3d at 478; *Jenkins v. Davidson Transit Org.*, No. 3:14-cv-02045, 2016 WL 2939910, at *2 (M.D. Tenn. Apr. 13, 2016); *Thompson v. Bruister & Assocs., Inc.*, No. 3:07-00412, 2013 WL 4507734, at *2 (M.D. Tenn. Aug. 23, 2013) (Sharp, J.).

As to the last element, in deciding whether the omission resulted from mistake or inadvertence, the Court considers whether: "(1) she lacked knowledge of the factual basis of the undisclosed claims; (2) she had a motive for concealment; and (3) the evidence indicates an absence of bad faith." *White*, 617 F.3d at 478. Evidence of an absence of bad faith may include

10

efforts the individual made to correct the omission with respect to her bankruptcy proceeding. *Id.* All of the elements necessary to establish the application of judicial estoppel are present in this matter and, as a result, Ms. Watson's claims against Home Depot and Adams should be dismissed.[4]

### 2. Ms. Watson Asserted a Contrary Position Under Oath.

The filings in Ms. Watson's two bankruptcy proceedings, her EEOC Charge, and her Complaint in this case plainly demonstrate that Plaintiff has taken a directly contrary position in this litigation than she has while seeking the protection of the bankruptcy courts.

Plaintiff filed her first Chapter 13 Voluntary Petition on September 9, 2013, and that bankruptcy proceeding was still active throughout her employment with Home Depot in late 2013, 2014, and early 2015 when Plaintiff purportedly believes she was subjected to race, color, and sex-based discrimination and retaliation. More importantly, it was also still active on March 3, 2015, when Plaintiff filed her EEOC Charge against Home Depot. Plaintiff was under a continuing duty to apprise the bankruptcy court of her purported causes of action against Home Depot and/or Adams by filing an Amended Petition, and she failed to do so. *See Lewis*, 141 F. App'x at 424 (6th Cir. 2005) ("[A] duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action."); *Burnes*, 291 F.3d at 1286; *In re Coastal Plains, Inc.*, 179 F.3d at 208.

---

[4] As Home Depot and Adams are bringing Plaintiff's misrepresentations to the Court's attention, Plaintiff cannot simply remedy the situation by amending her bankruptcy petitions to disclose the claims and lawsuit as a response to Defendants' motion. *See White*, 617 F.3d at 481 n.10 (stating that such a course of action would allow the debtor to avoid the consequences of her omissions and "only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets"); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002) ("Allowing plaintiff to back-up, reopen the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them"); *Thompson*, 2013 WL 4507734, at *3-4 (rejecting plaintiffs' plea for the court to "put measures in place to ensure that in the event that there is a recovery for these three Plaintiffs, that the bankruptcy court or trustee be so notified and plaintiff's bankruptcy proceedings re-opened").

11

On July 6, 2015, Plaintiff filed her second Chapter 13 Voluntary Petition once again asserting a position directly contrary to the position she advances in this action. In her second petition Plaintiff represented under penalty of perjury that she has no "[o]ther contingent and unliquidated claims of every nature." *Id.* at 10. Plaintiff also stated that she had not been a party to any suits and administrative proceedings within one year immediately preceding the filing of her bankruptcy case, despite the fact that she had filed her EEOC Charge a mere four months earlier and the EEOC was still investigating that Charge. Even after receiving the EEOC's Right to Sue Notice and filing this litigation, Plaintiff took no steps to amend her petition to correct her misrepresentation, despite being under an affirmative duty to disclose all causes of action as a potential asset. *See Lewis*, 141 F. App'x at 424.

By failing to amend her 2013 Petition to disclose the claims that she is presently pursuing and then omitting those claims in her 2015 Petition, Ms. Watson is undisputedly asserting a position in this action that is contrary to the one she asserted under oath in prior proceedings. *See White*, 617 F.3d at 479 ("White omitted from her initial filings (which she signed and swore were accurate under penalty of perjury) before the bankruptcy court on August 8, 2008 any mention of her harassment claim, despite the fact that those requirements specifically required her to list the harassment claim. . . . This omission, which essentially stated that the harassment claim did not exist, was contrary to White's later assertion of the harassment claim before the district court.").

### 3. The Bankruptcy Courts Clearly Relied on the Prior Inconsistent Positions.

The Bankruptcy Court unquestionably relied upon and adopted Ms. Watson's prior inconsistent positions in the petitions filed by Plaintiff. In reliance on Watson's 2015 Petition that omitted the EEOC Charge against Home Depot, the Bankruptcy Court set a meeting of

creditors for August 4, 2015, and directed Plaintiff to attend. *See* Dkt. No. 8-1, Case No. 15-11477, U.S. Bankruptcy Court, W.D. Tenn., attached hereto as Exhibit 13. Then, on July 13, 2015, Judge Croom entered an Income Deduction Order directing that bi-weekly payments of $237 be withheld from Plaintiff's earnings at Burlington Coat Factory and paid to the Chapter 13 Trustee. *See* Dkt. No. 15, Case No. 15-11477, U.S. Bankruptcy Court, W.D. Tenn., attached hereto as Exhibit 18. The Sixth Circuit has held that these types of steps were sufficient to establish preliminary acceptance of Ms. Watson's position that she did not possess any claims against Home Depot or Adams for judicial estoppel purposes. "[W]hen a bankruptcy court—which must protect the interests of all creditors—approves a payment from the bankruptcy estate on the basis of a party's assertion of a given position, that, in our view, is sufficient 'judicial acceptance' to estop the party from later advancing an inconsistent position." *Lewis*, 141 F. App'x at 425 (quoting *Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir 1988)). In *White*, the Sixth Circuit held that the bankruptcy court's entry of an order requiring the debtor to make payments to the trustee and directing her to attend a meeting of the creditors was sufficient to establish judicial acceptance. *White*, 617 F.3d at 479.

The Court demonstrated further reliance on Plaintiff's misrepresentations on September 10, 2015, when Judge Croom entered an Order confirming the Chapter 13 plan submitted by Plaintiff. This further confirms the bankruptcy court's judicial acceptance of Plaintiff's position that she did not possess employment claims against Home Depot or Adams. *See Lewis*, 141 F. App'x at 425 ("[I]t is also clear that in confirming Lewis's Chapter 13 plan, the bankruptcy court adopted Lewis's statement that she had no potential causes of action."); *Harvey v. Lowe's Home Ctrs., Inc.,* No. 05-1178-T-AN, 2006 WL 1129381, at *3 (W.D. Tenn. Apr. 25, 2006) ("[A]n order confirming a Chapter 13 plan adopts the debtor's statement that he has no potential causes

13

of action and supports a finding that the second factor has been met."); *Tyler v. Fed. Express Corp.*, 420 F. Supp. 2d 849, 856 (W.D. Tenn. 2005) (confirmation of Chapter 13 plan which omitted cause of action constitutes acceptance of the debtor's contrary position); *see also Love v. Tyson Foods*, Inc., 677 F.3d 258, 261 (5th Cir. 2012) (The bankruptcy court accepted the debtor's position that he did not have an EEOC claim by confirming the debtor's Chapter 13 plan that did not contain a provision related to the claim.). Thus, the second element for judicial estoppel to apply is undisputedly present.

### 4. Ms. Watson's Omission Was Not Based on Mistake or Inadvertence.

Finally, Plaintiff's failure to disclose her claims against Home Depot and Watson in her Bankruptcy Petitions could not have been the result of mere mistake or inadvertence. To the contrary, the omissions appear to be calculated.

Plaintiff undisputedly had knowledge of what she believed to be discrimination and retaliation claims, including the overt act of filing a charge with the EEOC, while both her first and second bankruptcies were proceeding. *See White,* 617 F.3d at 479 (relying on the fact that the debtor had knowledge of the factual basis of the undisclosed harassment claim, since she had already filed a complaint before the EEOC). Watson's first bankruptcy case was active at the time she was terminated from Home Depot on January 21, 2015 and when she filed her EEOC Charge on March 4, 2015. And as the allegations in Watson's Complaint show, Plaintiff apparently believed she was a victim of race, color, and sex discrimination throughout her employment with Home Depot – and even before that employment began. Yet, Plaintiff did not amend her petition to disclose her claims to the bankruptcy court, trustee, or her creditors. Plaintiff certainly had knowledge of her claims when she filed her second petition in 2015, as her EEOC Charge was active at the time she sought bankruptcy protection.

14

Additionally, it cannot be disputed that Plaintiff had a motive for concealing her claims against Home Depot and Watson from the Bankruptcy Court and her creditors. As the Sixth Circuit has noted, "it is always in a Chapter 13 petitioner's interest to minimize income and assets." *Lewis*, 141 F. App'x. at 426. If Plaintiff's discrimination and retaliation claims against Home Depot and Adams became part of her bankruptcy estate, proceeds from those claims (if any) would go toward paying her creditors, rather than going directly into her pocket. *See White*, 617 F.3d at 479 (plaintiff had a motive for concealing her harassment claim in that "if the harassment claim became a part of her bankruptcy estate, then the proceeds from it could go towards paying White's creditors, rather than simply to paying White.").

By filing a bankruptcy proceeding, Plaintiff sought the protection of the Bankruptcy Court against creditors who could use all legal means to recover the debts she owed them. Under the cloak of the Bankruptcy Court's protection, Plaintiff is no longer subject to collection actions, judgments, foreclosures or repossessions by her creditors. To receive that protection, however, Plaintiff was under an obligation to make a full and complete disclosure to her creditors of her financial affairs. Instead, she chose to hide an asset that she clearly values as being significant.

Finally, it is Plaintiff's burden to prove that her failure to disclose her employment claims in her Bankruptcy Petitions was the result of inadvertence or mistake. *See White*, 617 F.3d at 478, n. 4; *Thompson*, 2013 WL 4507734 *2. Here there is absolutely no evidence to support any finding of inadvertence or mistake. Unlike the plaintiffs in *White* and *Lewis* (against whom the Courts still applied judicial estoppel), there is no evidence here that Ms. Watson ever attempted to correct her error or advise the Court or her creditors of her claims against Home Depot or Adams. Moreover, Ms. Watson was represented by attorneys both in this case and in her

15

bankruptcy petitions, thereby precluding Plaintiff from relying on any assertion that she did not know or understand her obligations to disclose her claims in this case in her Bankruptcy Petition. *See Garrett v. University Hospitals of Cleveland, Inc.*, 2013 WL 2186116, at *6 (N.D. Ohio May 21, 2013). Simply put, Plaintiff cannot show that the omission of her employment claims against Home Depot and Adams from two separate bankruptcy proceedings was a mistake or inadvertence.

### III. CONCLUSION

The purpose of the doctrine of judicial estoppel is to protect the integrity of the courts. *See, e.g.*, *Lewis*, 141 F. App'x. at 427 ("Lewis's failure to notify the bankruptcy court of her potential discrimination claim is notable because judicial estoppel is intended to protect the integrity of the courts."). It is "a rule against 'playing fast and loose with the courts,' 'blowing hot and cold as the occasion demands,' or 'hav[ing] [one's] cake and eat[ing] it too.'" *Id.* at 424 (quoting *Reynolds v. Comm'r*, 861 F.2d 469, 472 (6th Cir. 1988)). Plaintiff has taken one position in this action and another in her bankruptcy proceedings. Plaintiff's gamesmanship with the federal court system should not be permitted to stand.

For the foregoing reasons, Defendants request that the Court enter an Order dismissing Plaintiff's Complaint without prejudice in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). In the alternative, should this Court decide Defendants' motion is more properly construed as one for summary judgment, Defendants request that summary judgment be entered in their favor.

Respectfully submitted,

/s/ Keith D. Frazier
Keith D. Frazier, TN BPR #012413
Thomas W. Whitworth, TN Bar No. 029581
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615.254.1900
Facsimile: 615.254.1908
keith.frazier@ogletreedeakins.com
tom.whitworth@ogletreedeakins.com

Attorneys for Defendants Home Depot U.S.A., Inc. and Lisa Adams

# CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Kathleen Pohlid, Esq.
Pohlid, PLLC
205 Powell Place, Suite 357
Brentwood, TN 37027
kpohlid@pohlid.com


/s/ Keith D. Frazier

24935138.1